# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **NARDA WILLIAMS,** | ) |
| | ) Civil Action |
| Plaintiff, | ) File No.: |
| | ) |
| v. | ) FAIR LABOR STANDARDS ACT |
| | ) ACTION |
| **AVENIA BEHAVIORAL** | ) |
| **MANAGEMENT, INC. AND** | ) |
| **RUSSELL BROWN,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff and hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

## PARTIES

3.

Plaintiff is an individual residing in Atlanta, Cobb County, Georgia. Defendants employed Plaintiff as an Administrative Assistant and Office Manager from January 2013 to April 2014.

4.

Plaintiff was denied overtime compensation during the term of her employment.

5.

Defendant Avenia Behavioral Management, Inc. ("Avenia") is a corporation formed under the laws of the State of Georgia. Defendant may be served with process through its registered agent, Dr. Russell Brown, at 101 Marietta Street NW, Suite 350, Atlanta, Georgia 30303.

6.

Defendant Avenia is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

7.

Defendant Dr. Russell Brown is the CEO and/or owner of Avenia, was acting in the interest of Avenia and is an employer with the meaning of FLSA § 203(d) as he set the terms and conditions of employment for Plaintiff, including the decision not to pay Plaintiff overtime. Defendant Russell Brown may be served with process at 4688 Trinity Court, Marietta, Georgia 30068.

8.

By not paying overtime, Defendant was able to personally profit more from his ownership of Avenia, and pay himself a greater profit, salary and/or benefits.

## FACTUAL ALLEGATIONS

9.

Upon information and belief, Defendant Avenia has in the past and currently employs over 25 employees as in the metropolitan Atlanta area.

10.

Defendant Avenia is a covered employer under 29 U.S.C. § 203(s)(A) as it is an enterprise whose (i) employees engaged in commerce and (ii) has an annual gross volume of sales made or business done is greater than $500,000.

11.

Defendant Avenia is a provider of tele-psychiatry services for the Medicare and Medicaid community in Georgia. Defendants offer clinicians onsite, on-call, and online for their patients.

12.

Defendant Avenia, therefore, also is a covered employer under 29 U.S.C. § 203(s)(B) as it was engaged in the operation of a hospital, or similar institution.

13.

Defendants employed Plaintiff as an Administrative Assistant at their clinic location 101 Marietta Street NW, Suite 350, Atlanta, Georgia 30303. As an Administrative Assistant, Plaintiff was required to be in the office during normal operating hours, and to perform data entry, process payroll, coordinate events, answer phones, and assist nurse practitioners with administrative tasks.

14.

Defendants falsely classified Plaintiff as an independent contractor.

15.

Despite Defendants' misclassification of Plaintiff, Defendants have exercised at least the following controls over Plaintiff:

(A) Defendants set an exact work schedule for Plaintiff. The scheduled start time and end time was always dictated by Defendants;

(B) Plaintiff was required to work full-time (i.e. forty (40) hours per week);

(C) Plaintiff was required to turn in a timesheet to Defendants;

(D) Defendants had the right to control what Plaintiff's tasks were;

(E) Defendants had particular procedures Plaintiff was required to perform;

(F) Defendants had the right to inspect Plaintiff's work;

(G) Defendants had the right to assign additional tasks to Plaintiff;

(H) Plaintiff was required to personally perform her duties;

(I) Plaintiff was not allowed to assign any portion of her duties in accordance with the contract with Defendants;

(J)  Defendants controlled what Plaintiff earned ($21 per hour);

(K)  Defendants paid Plaintiff from payroll;

(L)  Plaintiff did not have the opportunity for profit or loss depending upon her managerial skills;

(M)  Defendants had disciplinary procedure they could enforce on Plaintiff;

(N)  Plaintiff was not required to possess a special skill;

(O)  Defendants and Plaintiff did not sign a term contract agreement of employment, but was instead one of an at-will term;

(P)  Defendants at all relevant times were the only ones who possessed the ability to terminate Plaintiff;

(Q)  Plaintiff's employment contract with Defendants does not list a specific end date;

(R)  Plaintiff was an integral part of Defendants' business as she was the front desk Administrative Assistant;

(S)  Defendants at all relevant times were the only ones who controlled where Plaintiff worked (i.e. premises);

(T)  Plaintiff was entirely dependent upon Defendants financially;

(U)   Defendants provided the necessary equipment and tools for Plaintiff to perform her job; and

(V)   Plaintiff's employment contract with Defendants contains a covenant not-to-compete.

16.

The main purpose of Plaintiff's job was to do a combination of routine administrative support tasks including working at the front desk, filing, scheduling, and general office management.

17.

Plaintiff's performance of administrative support tasks included contacting an out-of-state customer by phone and by mail on a routine basis.

18.

Plaintiff's performance of administrative tasks involved assisting with video conferencing with clients in other states.

19.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

20.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

21.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers.

22.

Plaintiff did not possess discretion or exercise independent judgment in the daily activities she performed, but was given a schedule of tasks to complete.

23.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

24.

Between January 1, 2013 and April 12, 2014, Defendants frequently required Plaintiff to work in excess of 40 hours per workweek.

25.

Between January 1, 2013, and April 12, 2014, Defendants did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which she was employed.

26.

On January 6, 2014, Russell Brown, Defendant's Executive and Medical Director, indicated to Plaintiff that he believed Plaintiff's working over 40 hours per week would become a Department of Labor issue for Defendant.

27.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. § 207.

28.

Defendants are liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## COUNT I: CLAIM FOR RELIEF UNDER THE FLSA

29.

The above facts support Plaintiffs' claim for relief under the FLSA and are therefore respectfully reincorporated.

30.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.

31.

Defendants' violation of these provisions is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests this Court:

(a)     Take jurisdiction of this matter;

(b)     Grant a trial by jury as to all matters properly triable to a jury;

(c) Award to Plaintiff payment for each overtime hour worked calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due, and prejudgment interest on all amounts owed, as required by the FLSA;

(d) Award Plaintiff her attorney's fees and costs; and

(e) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 8th day of December, 2014.

**Keegan Law Firm, LLC**

/s/Marcus G. Keegan
Marcus G. Keegan
Georgia Bar. No. 410424
Elizabeth A. Main
Georgia Bar No. 916409
2987 Clairmont Road NE
Suite 225
Atlanta, Georgia 30329
(404) 842-0333(Phone)
(404) 920-8540 (Fax)
mkeegan@keeganfirm.com
emain@keeganfirm.com