# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and among Narda Williams ("Williams"), Roger Williams ("Roger Williams"), Roger Williams, Inc. ("RWI"), Avenia Behavioral Management, Inc. ("Avenia"), and Russell E. Brown ("Brown").

WHEREAS, RWI (which is owned by Roger Williams) and Avenia were formerly engaged in a business relationship through which Williams provided certain services to Avenia on behalf of RWI;

WHEREAS, in connection with such business relationship, Avenia considered both RWI and Williams to be independent contractors and did not consider Williams to be an employee of Avenia;

WHEREAS, Williams has filed a lawsuit against Avenia in the United States District Court for the Northern District of Georgia, Atlanta Division (Case No. 1:14-cv-03894-LMM) (the "Lawsuit") alleging that she was actually an employee of Avenia and therefore entitled to receive overtime compensation pursuant to the Fair Labor Standards Act ("FLSA");

WHEREAS, Avenia's denies Williams' allegations in the Lawsuit;

WHEREAS, the parties to this Agreement desire to amicably, finally and completely settle, resolve, and forever extinguish any and all claims that Williams, Roger Williams, and RWI have or may have against Avenia and Brown; and

NOW, therefore, in consideration of the actions and promises described below, the receipt and sufficiency of which are acknowledged, and with the intent of settling any and all claims that Williams, Roger Williams, and RWI have or may have against Avenia and Brown, the parties agree as follows:

1.  *Settlement Proceeds.*

    (a)  In consideration for Williams' agreements herein, Avenia agrees to pay to Williams a gross total amount of Sixteen Thousand and No/100 Dollars ($16,000.00) (the "Settlement Proceeds"), payable within fifteen (15) days after the Court in the Lawsuit issues an order approving the settlement between the parties and dismissing the Lawsuit with prejudice (as contemplated by Paragraph 5 below). Williams acknowledges that the Settlement Proceeds are in addition to anything to which she was already entitled. Williams agrees to supply any appropriate tax information and complete any appropriate tax forms in connection with this settlement, including an IRS Form W-4 and Georgia Form G-4 for herself, and an IRS Form W-9 for herself and her attorneys. The Settlement Proceeds will be paid as follows:

Narda Williams Initials: \_\_\_
Roger Williams Initials: \_\_\_
RWI Initials: \_\_\_
Avenia Initials: \_\_\_
Brown Initials: \_\_\_

      (i)     Payment by check made payable to Narda Williams in the gross amount of Four-Thousand Six Hundred and No/100 Dollars ($4,600.00), less all applicable withholdings, which will be recorded on IRS Form W-2 issued to Narda Williams.

      (ii)    Payment by check made payable to Narda Williams in the amount of Four-Thousand Six Hundred and No/100 Dollars ($4,600.00), which will be recorded on IRS Form 1099 issued to Narda Williams, and which shall be considered to be payment in settlement of claims for liquidated damages.

      (iii)   Payment by check made to Keegan Law Firm, LLC in the amount of Six-Thousand Eight-Hundred and No/100 Dollars ($6,800.00) for attorneys' fees and costs, which will be recorded on IRS Form 1099 issued to Keegan Law Firm, LLC and Narda Williams.

  (b)    Williams acknowledges that she is responsible for, and agrees to pay all taxes due on the Settlement Proceeds on those portions for which Avenia does not withhold such amounts from the Settlement Proceeds. Williams understands and agrees that the payment of Four-Thousand Six Hundred and No/100 Dollars ($4,600.00) described in Paragraph 1(a)(ii) in compromise of claims for liquidated damages and the payment of Six-Thousand Eight-Hundred and No/100 Dollars ($6,800.00) described in Paragraph 1(a)(iii) for attorneys' fees and costs to Keegan Law Firm, LLC will be reported on an appropriate IRS Form 1099 and that she, and not Avenia, is liable for any and all state or federal taxes, penalties, interest, fines or other withholdings relating to such payment. In the event that Avenia is required to pay any such taxes, penalties, interest, fines or withholdings, Williams agrees to hold harmless and indemnify Avenia in full for all such taxes, penalties, interest, fines or withholdings incurred by Avenia.

2.    *General Release and Covenant Not To Sue by Williams.*

Williams, for herself, her agents, successors and assigns, fully releases and discharges Avenia and all of its affiliates, including, without limitation, all of their past and present owners (specifically including, without limitation, Brown), officers, directors, shareholders, employees, volunteers, agents, parent corporations, predecessors, subsidiaries, affiliates, branches, insurers, benefit plans, estates, successors, assigns, and attorneys (hereinafter collectively referred to as "Affiliates"), from any and all claims, causes of action, damages or other relief, in law or in equity, whether known or unknown, based upon facts occurring through the date of execution of this Agreement, including but not limited to all claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, the Worker Readjustment Retraining and Notification Act, the Fair Credit Reporting Act, the Occupational Safety and Health Act, the Genetic Information Non-Discrimination Act, the Fair Labor Standards Act, the Family and Medical Leave Act, state and federal contract and tort law, and all local, state, and federal employment discrimination and wrongful discharge laws and principles. Without limiting the generality of the foregoing, Williams hereby acknowledges and covenants that, in further consideration of the foregoing, she

- 2 -

Narda Williams Initials: ___
Roger Williams Initials: ___
RWI Initials: ___
Avenia Initials: ___
Brown Initials: ___

has knowingly relinquished, waived and forever released any and all remedies that might otherwise be available to her, including without limitation, claims for emotional distress damages, other compensatory and personal injury damages, back-pay, front-pay, claims for recovery of interest, costs, punitive damages, liquidated damages, or attorney's fees. It is agreed that this is a general release and it is to be broadly construed as a release of all claims, except those that cannot be released hereunder by law. Williams also agrees not to file a lawsuit against Avenia and/or any of its Affiliates in connection with any of the matters released in this Paragraph. Further, Williams agrees that if anyone (including any government agency) makes a claim or investigation involving Williams or in any way based upon her claims against Avenia and/or its Affiliates, she waives any and all right and claim to financial recovery resulting from such claim or investigation.

3.  *General Release and Covenant Not To Sue by Roger Williams and RWI.*

Roger Williams and RWI, for themselves, their agents, successors and assigns, fully release and discharge Avenia and all of its Affiliates from any and all claims, causes of action, damages or other relief, in law or in equity, whether known or unknown, based upon facts occurring through the date of execution of this Agreement. Without limiting the generality of the foregoing, Roger Williams and RWI hereby acknowledge and covenant that, in further consideration of the foregoing, they have knowingly relinquished, waived and forever released any and all remedies that might otherwise be available to them, including without limitation, claims for emotional distress damages, other compensatory and personal injury damages, back-pay, front-pay, claims for recovery of interest, costs, punitive damages, liquidated damages, or attorney's fees. It is agreed that this is a general release and it is to be broadly construed as a release of all claims, except those that cannot be released hereunder by law. Roger Williams and RWI also agree not to file a lawsuit against Avenia and/or any of its Affiliates in connection with any of the matters released in this Paragraph. Roger Williams and RWI acknowledge and agree that there are no current contractual arrangements between, on the one hand, either Roger Williams or RWI, and on the other hand, Avenia or any of its Affiliates.

4.  *General Release and Covenant Not To Sue by Avenia and Brown.*

Contingent upon the fulfillment by Roger Williams and RWI of all of their obligations under this Agreement (specifically including, but not limited to, their obligations under Paragraph 9 of this Agreement), and except as expressly set forth below, Avenia and Brown fully release and discharge Roger Williams and RWI from any and all claims, causes of action, damages or other relief, in law or in equity, whether known or unknown, based upon facts occurring through the date of execution of this Agreement. Without limiting the generality of the foregoing, Avenia and Brown hereby acknowledge and covenant that, in further consideration of the foregoing, they have knowingly relinquished, waived and forever released any and all remedies that might otherwise be available to them, including without limitation, claims for emotional distress damages, other compensatory and personal injury damages, back-pay, front-pay, claims for recovery of interest, costs, punitive damages, liquidated damages, or attorney's

Narda Williams Initials: ___
Roger Williams Initials: ___
RWI Initials: ___
Avenia Initials: ___
Brown Initials: ___

fees. It is agreed that this is a general release and it is to be broadly construed as a release of all claims, except that this release shall not apply to (a) claims that cannot be released hereunder by law, (b) claims based on any breach by Roger Williams or RWI of his or its obligations under this Agreement, and (c) claims for indemnification pursuant to Paragraph 9 of this Agreement. Avenia and Brown also agree not to file a lawsuit against Roger Williams or RWI in connection with any of the matters released in this Paragraph. For the avoidance of doubt, the general release and covenant not to sue contained in this Paragraph 4 shall not go into effect until Roger Williams and RWI have fulfilled all of their obligations under this Agreement (specifically including, but not limited to, their obligations under Paragraph 9 of this Agreement).

5. *Request for Court Approval.*

Williams and Avenia agree to file a joint motion in the Lawsuit requesting that the Court issue an Order approving the terms of the settlement embodied by this Agreement and dismissing the Lawsuit with prejudice. Williams and Avenia will submit such motion within fifteen (15) days after this Agreement is fully executed. With the sole exception of the agreement of Williams and Avenia in this Paragraph to seek Court approval of the settlement, this Agreement and all of the promises made by the parties herein are expressly contingent on the Court approving the settlement and dismissing the Lawsuit with prejudice. In the event that the Court refuses to approve the parties' settlement, Williams and Avenia agree to work together in good faith to address any concerns raised by the Court regarding the settlement. If, after such good faith efforts by Williams and Avenia to address any concerns raised by the Court regarding the settlement, the Court refuses a second time to approve the settlement embodied by this Agreement and to dismiss the Lawsuit with prejudice, this Agreement shall be of no further force and effect.

6. *No Re-Engagement or Employment.*

Williams waives any right to any future independent contractor engagement or employment with Avenia and/or its Affiliates, agrees not to seek an independent contractor engagement or employment with Avenia and/or its Affiliates at any time in the future, and agrees that any denial of an independent contractor engagement or employment by Avenia and/or its Affiliates is in keeping with the intent of this Agreement and shall not be a legitimate basis for a claim of discrimination or retaliation by Williams.

7. *Non-Admission of Liability.*

This Agreement and the fact that it was offered are not and shall not in any way be construed as admissions by Avenia and/or its Affiliates that they violated any federal, state or local law, statute or regulation, or that they acted wrongfully with respect to Williams or to any other person or entity in any manner. Avenia and its Affiliates specifically disclaim any liability to or wrongful acts against Williams or any other person or entity.

- 4 -



Narda Williams Initials: 
Roger Williams Initials: 
RWI Initials: 
Avenia Initials: 
Brown Initials:

8.   *Acknowledgment of Reporting.*

Williams affirms that she has reported to Brown all alleged compliance issues and alleged violations of federal, state and local laws or regulations by Avenia and/or its Affiliates of which she had knowledge during the term of her engagement with Avenia, if any. Williams represents and acknowledges that she has no further or additional knowledge or information regarding alleged compliance issues or alleged possible violations of federal, state or local laws or regulations by Avenia and/or its Affiliates other than what Williams has previously reported to Brown.

9.   *Return of Avenia Property and Materials.*

Williams, Roger Williams, and RWI each agree not to retain or destroy (except as set forth below), and within ten (10) days after they execute this Agreement, to return to Avenia any and all property of Avenia that is in his/her/its possession or subject to his/her/its control, including, but not limited to, customer files and information, financial data, clinical data, notes, manuals, devices, e-mails, documents, diskettes, CDs, thumb drives, tapes, access cards, keys, credit and identification cards, personal items or equipment, identification cards, computers, mobile devices, other electronic media, all other files and documents relating to Avenia and its business (regardless of form, but specifically including all electronic files and data of Avenia). Williams, Roger Williams, and RWI will not make, distribute, or retain copies of any such information or property. Upon fulfilling this obligation, Williams, Roger Williams, and RWI shall each provide a written, signed certification to Avenia indicating that the obligation has been fulfilled. To the extent that Williams, Roger Williams, and/or RWI has electronic files or information in his/her/its possession or control that belong to Avenia (specifically including but not limited to electronic files or information stored on personal computers, mobile devices, electronic media, or in cloud storage), within ten (10) days after they execute this Agreement, Williams, Roger Williams, and RWI shall each (a) provide Avenia with an electronic copy of all of such files or information (in an electronic format that readily accessible by Avenia); (b) after doing so, delete all such files and information, including all copies and derivatives thereof, from all computers, mobile devices, electronic media, cloud storage, and other media, devices, and equipment in their possession or control, such that such files and information are permanently deleted and irretrievable; and (c) provide a written, signed certification to Avenia that the required deletions have been completed and specifying the files and information deleted and the media source from which they were deleted. Williams, Roger Williams, and RWI agree that they will reimburse Avenia for all of its costs, including reasonable attorneys' fees, of recovering the above materials and otherwise enforcing compliance with this provision if they do not return the materials to Avenia or take the required steps with respect to electronic information or files on or prior to the deadline specified in this Paragraph, or if they otherwise fail to comply with this Paragraph. Williams, Roger Williams, and RWI further agree that they shall be solely and jointly and severally responsible for any and all damage to, loss by, or liability to Avenia caused by any release, disclosure or use by Williams, Roger Williams, and/or RWI of any information, documents, data, or materials covered by this Paragraph, or any failure by Williams, Roger

- 5 -

Narda Williams Initials: ___
Roger Williams Initials: ___
RWI Initials: ___
Avenia Initials: ___
Brown Initials: ___

Williams, and/or RWI fully to comply with this Paragraph, and Williams, Roger Williams, and RWI agree to indemnify Avenia against any such damage, loss, or liability.

10.  *Acknowledgment.*

Avenia hereby advises Williams, Roger Williams, and RWI to consult with an attorney prior to executing this Agreement, and Williams, Roger Williams, and RWI acknowledge that they have been so advised and have consulted a competent and knowledgeable attorney. Williams, Roger Williams, and RWI expressly acknowledge and agree that they have been given a reasonable amount of time to consider this Agreement prior to its execution. Williams, Roger Williams, and RWI further acknowledge and agree that they have read this Agreement carefully, that they have had ample time and opportunity to consult with an attorney or other advisors of their choosing concerning their execution of this Agreement, that they have not sought any additional time for consideration, that they fully understand that the Agreement is final and binding, that it contains a release of potentially valuable claims, and that the only promises or representations they have relied upon in signing this Agreement are those specifically contained in the Agreement itself. Williams, Roger Williams, and RWI also acknowledge that this Agreement is the product of a negotiation involving their attorneys, and that they is signing this Agreement voluntarily with the full intent of releasing Avenia and its Affiliates from all claims.

11.  *Miscellaneous.*

(a)  Governing Law. This Agreement, and the rights and obligations of the parties hereto, shall be governed by and construed in accordance with the laws of the State of Georgia.

(b)  Entire Agreement and Construction. This document contains all terms of the settlement between Avenia, on the one hand, and Williams, Roger Williams, and RWI, on the other hand, and supersedes and invalidates any previous agreements or contracts between the parties. No representations, inducements, promises or agreements, oral or otherwise, which are not embodied herein, shall be of any force or effect. Because this Agreement is the product of negotiations between all parties hereto, no party may be considered the drafter of the Agreement, and no ambiguity in any provision shall be construed against any party on account of that party being considered the drafter of that provision or of this Agreement. This Agreement may not be modified except through a writing signed by all parties hereto.

(c)  Non-Assignment of Claims. Williams, Roger Williams, RWI, and Avenia hereby warrant, understanding that the truth of said warrant is necessary to the making of this Agreement, that they have not heretofore assigned or otherwise transferred any of the claims released by them through this Agreement.

(d)  Successors and Assigns. The parties' respective rights under this Agreement shall inure to the benefit of their successors, assigns, heirs, and transferees.

- 6 -

Narda Williams Initials: 
Roger Williams Initials: 
RWI Initials: 
Avenia Initials: 
Brown Initials:

(e)     Counterparts. This Agreement may be executed in one or more counterparts, and each shall be considered one and the same instrument. A copy of this executed Agreement transmitted via facsimile or electronic mail shall have the same force and effect as an original ink signed copy.

IN WITNESS WHEREOF, the undersigned set their hands and seals, with the approval of their undersigned attorneys.

NARDA WILLIAMS

*/s/ Narda Williams*

Date: 16-Feb-2015

ROGER WILLIAMS

*/s/ Roger Williams*

Date: 14-Feb-2015

ROGER WILLIAMS, INC.

By: R. Williams RWI

Title: Principal

Date: 14-Feb-2015

AVENIA BEHAVIORAL MANAGEMENT, INC.

By: _____

Title: President

Date: 2-20-15

RUSSELL E. BROWN     */s/ Russell E. Brown*

Date: 2-20-15

- 7 -

Narda Williams Initials: ___
Roger Williams Initials: ___
RWI Initials: ___
Avenia Initials: ___
Brown Initials: ___